Dear Mr. Burton:
In recently released Attorney General Opinion 05-0258 this office considered invalid ordinances prohibiting the sale of alcoholic beverages within the City of DeRidder, the Town of Merryville, and Beauregard Parish. We revisit the issue with respect to the municipal ordinances.
The language of R.S. 26:582 mandates that petitions for elections regarding the sale of alcoholic beverages insofar as incorporated municipalities are concerned are to be held on a city-wide basis rather than on the basis of individual election districts of the municipality. R.S. 26:582 states, in pertinent part:
 § 582. Petition for election; separate elections; frequency limited
 A. (1) Upon petition of not less than twenty-five percent of the qualified electors residing in any ward, election district, or any incorporated municipality, the governing authority shall order a referendum election to be held to determine whether or not the business of selling alcoholic beverages shall be conducted and licensed therein.
Those local option elections conducted in the incorporated municipalities of DeRidder and Merryville remain valid and are unaffected by the issue of the creation of election districts within parishes which formerly elected police jurors on a ward basis. R.S. 26:583[1] and the Louisiana Supreme Court case of Sabine Parish Police Jury vs. *Page 2 Commissioner of Alcohol Tobacco Control, 898 So.2d 1244 (La. 2005) are relevant to a discussion of the continued validity of ordinances adopted pursuant to a local option election held on a ward basis, where the ward has been merged into an election district. In that instance, the ward or portion of the ward takes on the sales characteristics of the new election district.
Thus, with respect to Beauregard Parish, since there has never been a local option election in any of the ten new election districts in Beauregard Parish prohibiting the sale of alcoholic beverages, the entirety of the new election districts (including the wards formerly voted "dry") are now deemed "wet" and must permit the sale of alcoholic beverages. However, with respect to the municipalities of DeRidder and Merryville, the holding in theSabine case is inapplicable, because the latter local option elections were held on a city-wide basis rather than on the basis of individual municipal election districts. The municipal local option ordinances remain valid and are unaffected by the geographical change of the election districts for the election of municipal council members.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 26:583 states: § 583. Effect of merger
A. When a portion of a ward, election district, or municipality is annexed or made a part of another ward, election district, municipality, or city-parish government, the portion annexed or made a part of shall take on the legal sales characteristics, as provided in this Chapter, of the ward, election district, municipality, or city-parish government to which it is annexed or made a part of.
B. The provisions of this Section shall be applicable to any election previously called under this Title or any other local option law and to any territory covered by such election which has subsequently been merged with another ward, election district, incorporated municipality, or portion thereof or whose boundary has been changed, it being the intention of this Chapter that the sale of beverages covered by this Title be permitted or prohibited only in an entire ward, election district, or incorporated municipality and not in any portion thereof.
C. Notwithstanding the provisions of Subsections A and B of this Section, any package house in existence and operating as such on August 15, 1995, in an area that is subsequently annexed into a ward, election district, municipality, or city-parish government that prohibits the sale of alcoholic beverages shall be allowed to continue operation and shall not be subject to the provisions of Subsections A and B of this Section.